**GALLAWAY v. SHEPPARD et al.**

No. 8136.

Court of Civil Appeals of Texas. Austin.

Nov. 13, 1935.

Rehearing Denied Dec. 11, 1935.

E. M. Grimes, of Taylor, for appellant.

Gus Farrar, Mary Kate Parker, and Gaynor Kendall, all of Austin, and J. T. Suggs, Jr., of Denison, for appellees.

BAUGH, Justice.

This suit arose as follows: On August 13, 1930, George H. Sheppard, in his official capacity as comptroller of the state of Texas, issued to J. H. Martin, sheriff of Parmer county, Tex., the following deficiency certificate:

"No. 2119
(Original)
"Comptroller's Deficiency Certificate $618.85
"Austin, Texas, Aug. 13, 1930.
"This Certifies that J. H. Martin, Farwell has filed a claim in this office for services, fees felony cases. ——— Sheriff D. C. ——— County of Parmer Six Hundred Eighteen and 85/100. The appropriation being exhausted no warrant can issue. This certificate is issued in accordance with the provision of Art. 1134, Code of Criminal Procedure of 1920.
"Geo. H. Sheppard, Comptroller.
"Appropriation No. M1030.
"This Deficiency Certificate cannot be paid until the Legislature makes appropriation for same."

This deficiency certificate was purchased by and assigned to appellant herein on August 14, 1930, at a discount of 10 per cent. It is admitted that the claim for fees which said certificate represented had been duly presented by said sheriff to the district judge who had approved same as provided in article 1034, Code of Criminal Procedure, 1925; that same with the judge's approval thereof had been duly entered upon the minutes of the district court; that the district clerk had forwarded a certified copy thereof to the comptroller, all in compliance with article 1034 of the Code of Criminal Procedure. It is also agreed that the comptroller duly examined such certified copy and found same in full compliance with said article 1034, C.C.P.; that the appropriation for payment of such accounts had been exhausted; that said claim was filed in his office and the deficiency certificate thereupon issued; that in all such transactions said comptroller acted upon the holding

of the Supreme Court of this state in Rochelle v. Lane, 105 Tex. 350, 148 S.W. 558, and prior to the decision of the Supreme Court in Rogers v. Lynn, 121 Tex. 467, 49 S.W.(2d) 709, 51 S.W.(2d) 1113, wherein the holding of said court in Rochelle v. Lane was expressly overruled.

It is not controverted that $443.15 of said sheriff's claim was for fees not allowed by law. On November 24, 1931, the comptroller advised appellant herein that upon a reaudit of said account by the state auditor, payment of such deficiency certificate would be refused in so far as it represented such illegal fees, and that appellant's claim against the state had been by that amount reduced. The balance of such claim was paid out of the deficiency appropriation made by the Legislature for that purpose.

It is admitted that appellant knew nothing of the illegality of the items in the claim on which the deficiency certificate was issued; that if he had he would not have purchased same; that he purchased the certificate upon the faith of the recitals contained therein, assuming that the comptroller had discharged his duty under article 1035, C.C.P.; and that said certificate constituted a valid claim against the state.

After refusal of payment of such deficiency certificate in full, appellant brought this suit against the comptroller and the surety on his official bond, alleging that the comptroller was negligent in the faithful discharge of his duties under the law; that he should have discovered and rejected the items in said sheriff's claim which were illegal before he issued such deficiency certificate and should have eliminated same therefrom so that such deficiency certificate would represent only legal claims against the state; that his failure to do so was negligence which proximately resulted in appellant's loss.

Trial was to the court upon an agreed statement of facts and judgment rendered in favor of the defendants, from which plaintiff prosecutes this appeal.

■ A careful investigation of both appellant's pleadings and the agreed statement of facts leads us to the conclusion that appellant had no cause of action against the comptroller. The certificate issued was not a negotiable instrument, nor did it constitute an established claim against the state. In the issuance of such deficiency certificate, the comptroller was merely performing an act within the scope of his public duties, and owed no duty to appellant in such issuance different from that he owed to all the public. As such public officer in the discharge of his official duties, mistakes of judgment, or improper construction of the laws defining his duties, do not give rise to a personal action against him, though some private individual may suffer loss as the result thereof. Such is the general rule founded upon sound public policy. 22 R. C.L. § 152, p. 478, § 162, p. 484; 46 C.J. 1042; 34 Tex.Jur. § 84, p. 466 et seq. The applicability of such rule is particularly cogent in cases such as this. In view of the multitudinous duties imposed by law upon the comptroller, in the discharge of which he is called upon from year to year to issue large numbers of deficiency certificates, if he were amenable to private suit at the instance of any holder of such certificate, where payment thereof was thereafter refused on the ground that same was invalid, or improperly issued, no competent man could be induced to accept such office. If he be guilty of negligence or other wrongful conduct in the discharge of the duties of his office, such wrong becomes a public wrong punishable as such, and not a private wrong giving rise to a personal action against him.

■ Not only is this true, but under the facts alleged in the instant case, even admitting that the comptroller improperly issued the deficiency certificate involved, it was not negotiable, and was subject not only to any legal offset by the state, but to subsequent elimination of any illegal items in the sheriff's account on which it was based. Both as a matter of law and under its express recitals, payment thereof was subject to future appropriations by the Legislature for that purpose, and under such restrictions, limitations, and conditions as the Legislature might see fit to impose in authorizing such payment. Appellant purchased such certificate, regardless of the claim on which it was issued, subject to the exercise by the Legislature of that power. And in making the appropriation out of which the certificates held by appellant were to be paid, the Legislature, not only did not recognize as valid nor ratify any such outstanding certificates already issued, but expressly provided that same should not be paid without the approval of the comptroller and the state auditor.

■■ Appellant, in purchasing such nonnegotiable instrument from the sheriff, could

secure no greater rights thereunder against the comptroller, the state, or any one else than the sheriff to whom same was issued could assert. Speer v. State, 123 Tex. Cr.R. 188, 58 S.W.(2d) 95, 97; Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373; City of Dublin v. H. B. Thornton & Co. (Tex.Civ. App.) 60 S.W.(2d) 302; City of Edinburg v. Ellis (Tex.Com.App.) 59 S.W.(2d) 99; 6 Tex.Jur. 609; 11 Tex.Jur. 665. This being true, it was the duty of appellant in purchasing it to himself inquire as to its legality; and he was not justified in accepting the sole fact that the comptroller had issued such certificate as conclusive evidence of its validity.

But if it be conceded that appellant could assert a personal cause of action against the comptroller for negligent discharge of the duties of his office, which, as above indicated, we think he could not do, the evidence wholly fails to show negligence on the part of the comptroller. In Rochelle v. Lane, supra, the Supreme Court expressly held that the approval by the district judge of a sheriff's account under what is now article 1034, C.C.P., 1925, was a judicial act, binding upon the comptroller; and that under article 1035, C.C.P., 1925, he had no authority to reject it, if properly approved, authenticated, and forwarded to him. That had been done in the instant case. Under the holding in Rochelle v. Lane, therefore, the comptroller discharged his duty under article 1035, C.C.P., in the only manner in which he could have properly done so. Appellant insists, however, that in Binford v. Robinson, 112 Tex. 84, 244 S.W. 807, the Supreme Court in effect overruled Rochelle v. Lane, and that under the Binford Case it was the duty of the comptroller in complying with article 1035, C.C.P., to examine such sheriff's account and eliminate therefrom the illegal items. While it is stated in Rogers v. Lynn, supra, that in the opinion of the Supreme Court and the Commission of Appeals the Binford Case did in principle overrule Rochelle v. Lane, an examination of the opinion in the Binford Case discloses that neither Rochelle v. Lane, nor article 1035, C.C.P., is discussed or referred to. Whereas said article 1035, C.C.P., was expressly construed in Rochelle v. Lane and the duty of the comptroller thereunder specifically defined. In the Binford Case the court said: "The issue in the case is the interpretation or construction of said article 1122" (article 1029, C.C.P., 1925 Revision) which prescribes the amount of the fees the sheriff is entitled to for the services

therein enumerated. Nowhere in said opinion is the case of Rochelle v. Lane adverted to. On the other hand, the construction of article 1034, C.C.P., and the question of whether the action of the district judge thereunder was a judicial act was squarely before the Commission of Appeals in State v. Bigham, 280 S.W. 1062, 1063. The Commission of Appeals in that case stated that the issue before the court in Rochelle v. Lane "bore not the slightest relation" to that before the Commission in the Bigham Case. The conclusion reached in Rochelle v. Lane, that is, the duty of the comptroller as defined in article 1035, was, however, expressly predicated upon the court's holding that the action of the district judge under article 1034 was a judicial act, tantamount to a judgment, and it was upon that conclusion that the court based its holding that the comptroller, under article 1035, had no authority to disturb it. While we think the issue in the Bigham Case was not only related to that decided in Rochelle v. Lane, but inseparable from it, and that the holding in the Bigham Case necessarily conflicts with or overrules the holding in Rochelle v. Lane; the fact that instead of expressly doing so, the Commission undertook to distinguish the two cases would indicate that the court was unwilling in the Bigham Case to overrule the holding in Rochelle v. Lane. Not only could the comptroller have reasonably so interpreted the opinion in the Bigham Case, but the language of that opinion in that case, in part at least, follows and approves the holding in Rochelle v. Lane. In discussing the action of the district judge under article 1034, C.C.P., on such sheriff's account, the Commission in the Bigham Case say: "The law provides for the payment of fees, and prescribes the manner in which accounts or claims may be presented, approved for payment, and paid. If in passing upon and approving or rejecting the account in whole or in part an issue of fact arises as to whether services entitling the officer to his fees have been rendered, the decision of this issue by the district judge involves the exercise of discretion, and is a final adjudication of such issue, and not subject to review."

This language cannot, we think, be construed other than as being in accord with the holding of Rochelle v. Lane in so far as any fact issue might be involved before the district judge, and as in keeping to that extent with the Rochelle Case. Of course, all of these questions have been foreclosed in

Rogers v. Lynn, supra, but that decision was not rendered until after the deficiency certificate here involved had been issued by the comptroller. The foregoing discussion is pertinent only for the purpose of determining whether the comptroller prior to the decision in Rogers v. Lynn, with the light then before him, was guilty of negligence in that he did not refuse to follow the decision in the Rochelle Case. That is, whether in the light of the decisions in the Bigham Case and in the Binford Case, he should have ignored the holding in the Rochelle Case, and should himself have placed the interpretation upon article 1035, C.C.P., which the Supreme Court subsequently placed upon it in Rogers v. Lynn. We do not think so. And even if appellant had a cause of action in any event based upon the negligence charged, he wholly failed to show any such negligence. The judgment of the trial court is therefore affirmed.

Affirmed.