**PIONEER BUILDING & LOAN ASS'N v. COMPTON et al.**

**No. 1903.**

Court of Civil Appeals of Texas. Waco.

May 6, 1937.

Street & Street and Vernon Goodall, all of Waco, for appellant.

W. V. Dunnam and F. M. Fitzpatrick, both of Waco, for appellees.

GEORGE, Commissioner.

Appellee, W. C. Compton, mortgagor, filed suit against appellant, Pioneer Building & Loan Association, mortgagee, and E. C. Street, trustee, on July 3, 1933, and in the second amended petition sought recovery of (1) title and possession of certain real property; (2) accounting of payments made on deed of trust notes; (3) reasonable rental value of premises during period of time same were in possession of mortgagee with consent of mortgagor; and (4) value of alleged converted personal property. The trial was before the court and jury, and on answers of the jury to special issues judgment was rendered in favor of appellee for the found value of the alleged converted personal property and the found reasonable rental value of real property during the period of time same was in possession of appellant as mortgagee in possession, and credited such sums on appellee's indebtedness to appellant, and judgment for balance then remaining unpaid in favor of appellant, together with foreclosure of its deeds of trust liens.

Appellant says the action of the trial court in rendering judgment against it for conversion of personal property was erroneous. Appellee, in his pleadings, alleged that certain personal property was delivered by him to appellant on February 25, 1933, under a bill of sale, and that thereafter appellant converted such personal property, and asked for judgment for the value of the personal property on the date of conversion. Appellant, in its pleadings, alleged that such personal property was delivered to it by appellee to be held by it and sold and the proceeds derived from the sale thereof credited on appellee's notes. Appellee, on a trial of the case, took the position that the personal property was delivered to appellant with the understanding that it would credit appellee's notes with the then value of such personal property, and caused the trial court to submit this theory of the case to the jury in special issue No. 7, in answer to which issue the jury found that the personal property was not delivered to appellant with the understanding that it would credit appellee's notes with the then value of such personal property. The trial court also submitted appellant's theory of the delivery of the personal property to it in special issue No. 1, in answer to which issue the jury found that the personal property was not delivered to appellant with the intention that same would be sold and the proceeds credited to appellee's indebtedness. Thus, the jury found against both appellee and appellant on the theories on which they caused same to be submitted to the jury. There was no finding of the jury that appellant, after the delivery of the personal property to it under the bill of sale, converted such personal property, and no request was made for the submission of such an issue.

Thus the question arises: Can such an issue be deemed, under the provisions of article 2190, Revised Civil Statutes, as amended 1931 (Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190), as found by the trial court in support of such portion of its judgment? Our answer to this question depends on whether such issue is merely an issue which is incidental to or a component part of an independent ground of recovery, or whether such issue constitutes an independent ground of recovery. If the issue is merely incidental to or a component part of an independent ground of recovery, then such issue, though neither submitted nor requested, may be deemed as found by the trial court in such a manner as to support such portion of such judgment, if there is evidence to sustain such finding; but if the issue constitutes an independent ground of recovery, then such issue cannot be deemed as found by the trial court in support of the judgment. What is the basis and foundation of the cause of action here under consideration? Is it the value of the property as submitted by the trial court, or is it the alleged conversion by appellant of the property? Is the question of conversion incidental to or a component part of any ultimate fact issue in this cause? · It is our opinion that the issue of conversion is an essential and ultimate fact issue and that same constitutes and is the basis of an independent ground of recovery. Colbert v. Dallas Joint Stock Land Bank of Dallas (Tex.Sup.) 102 S.W.(2d) 1031; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Panhandle & Santa Fe Ry. Co. v. Friend (Tex.Civ.App.) 91 S.W.(2d) 922;

**356**

Citizens' National Bank of Brownwood v. Texas Compress Co. (Tex.Civ.App.) 294 S.W. 331, 14 Tex.Law Rev. 538, 540.

We have carefully examined the other assignments of error presented herein, and we are not passing on same, inasmuch as it is not likely that such matters will arise in the same manner on another trial of this cause.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

Opinion adopted by the court.