**PARKER et al. v. MILLER.**

No. 3317.

Court of Civil Appeals of Texas. Beaumont.

June 1, 1938.

Rehearing Denied June 15, 1938.

Ira Butler and J. E. Whitmore, both of Fort Worth, for appellants.

E. B. Lewis, of Center, for appellee.

O'QUINN, Justice.

This suit originated in justice court, precinct No. 1, Shelby County, and was an action by appellee, W. A. (Buck) Miller, against appellants, O. L. Parker, J. B. Sample, and Tom Rodgers, to recover the title and possession of a horse of the alleged value of $85. Appellee alleged that he owned the horse, and that appellants unlawfully took it from his possession and unlawfully withheld it from his possession. Appellants, Sample and Rodgers, jointly filed a disclaimer. Appellant Parker answered by general demurrer, general denial, and specially:

"That he is now, and has been for more than six months next preceding this date, the duly elected, qualified, and acting Constable of Precinct No. 3, Shelby County, Texas.

"That by virtue of a proclamation issued by the Governor of the State of Texas, on the 2nd day of April, 1937, effective on and after the 15th day of April, 1937, Shelby County, Texas, was proclaimed to be in the inactive quarantine area, and subject to designation for tick eradication by the Livestock Sanitary Commission of Texas; that said county was proclaimed to be infested with, and exposed to, the fever carrying tick (Margaropus Annulatus), and said county, and all cattle, horses, mules, jacks and jennets therein were thereby quarantined.

"That on April 8, 1937, a quarantine notice was published in the Champion, a weekly newspaper published in Center, Shelby County, Texas.

"That by virtue of certain dipping directions heretofore issued by said Livestock Sanitary Commission, on June 1, 1937, and duly served on said plaintiff on June 5, 1937, a copy of which dipping direction is attached hereto, marked 'Exhibit A', and made a part hereof and asked to be considered herewith for all relevant and pertinent purposes, plaintiff herein was directed to dip all live stock of which he was the owner, part owner, or caretaker, beginning on June 8, 1937, and each succeeding fourteen days thereafter upon the dates specified in said dipping directions; said dipping directions providing that if plaintiff failed to dip said live stock on said dates same would be done at his expense, under the provisions of law

authorizing peace officers to deputize help and dip said live stock under the supervision of an inspector of the Livestock Sanitary Commission.

"That said plaintiff was, on June 8, 1937, and has been since said date, the owner, part owner or caretaker of the horse hereinafter described, ranging upon the premises described in said dipping directions; that said plaintiff failed and refused to dip said horse on June 8, June 22, July 6, and July 20, 1937.

"That on or about July 6 (sixth), 1937, Tom Rodgers, County Supervisor and inspector in charge of tick eradication in Shelby County, Texas, under the Livestock Sanitary Commission, notified said defendant of the fact that plaintiff had failed to comply with said dipping directions as therein specified, in that he did not dip the horse hereinafter described as directed in said dipping directions; that this defendant, in response to his duties as Constable of Shelby County, Texas, went upon the premises where said horse was located as specified in said dipping directions, gathered and dipped one sorrel, blazed face horse, ten years old, weighing about 1000 pounds, named 'Henry', of the reasonable market value of $125.00 owned by said plaintiff, under the supervision of an inspector of said Livestock Sanitary Commission, in accordance with said dipping directions.

"Defendant represents to the court, that by reason of the facts herein alleged, he lawfully came into possession of the horse described in plaintiff's petition on July 8, 1937, and has been in possession of said horse continuously since said date, feeding, watering and holding said horse each day for 2 days at an expense of $.50¢ per day; that he dipped said horse on July 8, and in compliance with said dipping directions; that this defendant, as provided in article 1525c, Penal Code, sub-section 15, is entitled to $2.00 for each dipping of said horse, and the additional expense of feeding, watering, and holding said horse since July 8, 1937; that by reason of the facts herein alleged, this defendant was given a statutory lien upon said horse, and defendant has perfected said statutory lien by compliance with the provisions of article 1525c, Penal Code, sub-section 16, for the sum of money herein alleged; that this defendant is entitled to the possession of said horse until plaintiff tenders into this court the amount of money herein alleged to be now due and owing to defendant by reason of facts above alleged.

"Defendant would further show to the court that plaintiff has failed and refused to satisfy the accrued charges against said horse, in the amount of $3.00; that by reason thereof defendant has been damaged in the sum of $3.00, for which amount this defendant has a statutory lien against said horse; that by reason of the failure and refusal of plaintiff to satisfy said charges, this defendant is entitled to judgment against said plaintiff for said amount and for foreclosure of said statutory lien upon the above described horse.

"Wherefore, premises considered, defendant prays that plaintiff take nothing herein; for all costs in this behalf expended, and for such other relief, general and special, in law and in equity, as defendant may be entitled.

"J. E. Whitmore
"Ira Butler
"Attorneys for said Defendant.

"By way of cross action herein, the defendant, O. L. Parker, hereinafter called cross plaintiff, complains of W. A. (Buck) Miller, hereinafter called cross defendant, and represents to the court:

"That cross plaintiff is a resident of Shelby County, Texas;

"That cross defendant is a resident of Shelby County, Texas;

"For cause of cross action herein, cross plaintiff repleads, by reference, the special answer of defendant, O. L. Parker, hereinabove made.

"Wherefore, cross plaintiff prays the court that cross defendant be cited to appear and answer herein in the manner required by law; that upon a hearing hereof cross plaintiff have judgment against the cross defendant for the sum of $3.00, and for foreclosure of cross plaintiff's lien upon said horse described herein; for all costs in this behalf expended, for such other relief, general and special, in law and in equity, to which this cross plaintiff may be entitled.

"J. E. Whitmore
"Ira Butler
"J. W. Ellington
"Attorneys for Cross Plaintiff.
"Exhibit 'A'
"Mrs. Buck Miller
"Shelbyville, Texas.

"You are hereby notified that the Livestock Sanitary Commission of Texas has ascertained that you are owner and caretaker of cattle, horses, mules, jacks and jennets

located in fields, pastures, open ranges, public roads, and lanes, in Shelby County, Texas, about 19 miles South East of the town of Center, Shelby County, Texas; that the said cattle, horses, mules, jacks and jennets and all other cattle, horses, mules, jacks and jennets of which you may be owner, part owner or caretaker which may at any time be located upon the premises described in this written dipping direction during the period of time covered by this written dipping direction, are subject to dipping under the provisions of law for the reason that said live stock are exposed to the fever-carrying tick (Margaropus Annulatus).

"You are therefore hereby directed to dip the said livestock in accordance with law, under the supervision of an inspector of the Livestock Sanitary Commission of Texas, in an official arsenical dipping solution showing a test of not less than 18 cubic centimeters nor more than 20 cubic centimeters, in the Haley Dipping Vat No. 93, located about 12 miles South East of Shelbyville, on road from Sim's Store in Huxley, in Shelby County, Texas. ON: June 8th, June 22nd, July 6th, July 20th, August 3rd, August 17th, August 31st, September 14th, September 28th, October 12th, October 26th, November 9th, November 23rd, December 7th, December 21st, A. D. 1937, between the hours of 8 A. M. o'clock and 1 P. M. o'clock.

"You are further notified that unless you dip all of said livestock on all of said dates during said hours, the same will be done at your expense under provisions of law authorizing peace officers to deputize helpers and dip said livestock under the supervision of an inspector of this Commission.

"Witness our hands at Fort Worth, Texas, this 1st day of June, A. D. 1937.
        "L. J. Wardlaw, Chairman,
"Livestock Sanitary Commission of Texas.

"The original dipping direction of which this is a carbon copy was served on Buck Miller in person on the 5th day of June, 1937.
                "Ebb Whitten
        "Inspector L. S. S. Commission
"Filed the 24th day of July, 1937.
"J. J. Carroll, J. P.
"Filed Aug. 19, 1937.
        "V. L. Hughes, Clerk County Court,
        "Shelby County, Texas."

Appellee replied to appellants' pleadings by motion to strike the answer and cross action of appellant Parker for the following reasons: (a) It was subject to a general demurrer; (b) The description of the premises where the "cattle, horses, mules, jacks and jennets" to be dipped were to be found "was too indefinite and void"; (c) Other grounds not necessary to mention.

Appellee's motion to strike and his demurrers were overruled in justice court, and on trial to a jury the following verdict was returned:

"We the jury find it justice to pay Ol Parker $3.00 and to give Buck Miller his horse back.
                "Joe Stephens,
                "Foreman."

On the verdict of the jury, judgment was entered in favor of appellant Parker for $3 with foreclosure of lien as prayed for. From that judgment appellee duly prosecuted his appeal to the county court of Shelby County. On trial in county court to the court without a jury, judgment was entered in appellee's favor sustaining his general demurrer to the cross action of appellants, and for the title and possession of his horse. From that judgment appellants have duly prosecuted their appeal to this court.

■ We overrule appellee's motion to dismiss the appeal; we have jurisdiction of the amount in controversy. Appellant answered that the horse had a value of $125, and the court struck out that allegation on appellee's general demurrer. For a recent case sustaining jurisdiction on allegations of a cross action, see Texas & P. Ry. Co. v. Heathington, Tex.Civ.App., 115 S.W.2d 495. Parker's answer and cross action was sufficient to invoke in his favor Secs. 15, 16 and 17 of Art. 1525c of Vernon's Penal Code; the provisions of this article, on the facts alleged by Parker, gave him the right to seize appellee's horse and a lien for the $3 claimed by him on his cross action. As against the general demurrer, all facts alleged by Parker must be accepted as true. Johnston v. Stephens, 121 Tex. 374, 49 S. W.2d 431.

■ On the facts alleged Parker was "a mortgagee lawfully in possession," and had the right to retain possession of the horse until appellee satisfied his claim. 41 C.J. 612; 29 Tex.Jur. 881.

■ The premises, where the stock to be dipped was to be found, were described as follows in the notice to dip: "In Shelby County, Texas, about 19 miles South East of the town of Center, Shelby County, Texas"; this description was a sufficient compliance with Sec. 10 of Art. 1525c of Ver-

non's Penal Code: "It shall not be necessary for written dipping directions to describe the premises or land by field notes or metes and bounds or other measures; but it will be sufficient if the same contains such reasonable description as will inform the person, firm or corporation to whom the same are directed what premises or land are covered thereby."

From what we have said it follows that the judgment of the lower court must be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

Reversed and remanded.