**CHOATE et al. v. RENFRO.**

No. 3405.

Court of Civil Appeals of Texas. Beaumont.

March 16, 1939.

J. E. Whitmore and Ira Butler, both of Fort Worth, for appellants.

E. B. Lewis, of Center, for appellee.

COMBS, Justice.

Appellee, A. R. Renfro as plaintiff sued appellants, K. B. Choate, constable, and his bondsmen, and Tom Rogers, Shelby County Supervisor for the Live Stock Sanitary Commission, for damages for the alleged conversion of a mare valued at $50. He sought additional damages in the sum of $240, value of cotton which he would have made had his farm not been reduced from a "two-horse farm" to a "one-horse farm" by the conversion of his mare. He also sought exemplary damages in the sum of $500. The defendants, in addition to their general answer, plead specifically that Shelby County was under stock quarantine against fever tick infection, requiring live stock to be dipped; the mare in question was taken up on the open range by Constable Choate and dipped in accordance with the law; that certain legal charges accrued against the mare which plaintiff refused to pay and she was posted for sale and sold at public auction by Constable Choate in satisfaction of the legal charges. The trial judge struck out the specific answer on exceptions of plaintiff and upon the trial, which was to a jury, excluded all evidence offered by defendants to show that the horse was taken up and sold according to law. Four issues were submitted to the jury, three being answered in favor of defendants and in response to the fourth the jury fixed the value of the horse at $50. No issue of conversion was submitted. However, the trial judge entered a judgment

for the plaintiff and against the defendants for $50 and costs, and the defendants have appealed.

### Opinion.

The rulings of the trial court were clearly erroneous. If possession and sale of the horse was in accordance with law neither Constable Choate nor the other defendants could be liable in damages for converting it. Parker v. Miller, Tex.Civ. App., 118 S.W.2d 380.

In view of a contention made by appellee, we will add that under the facts plead, the taking of the horse by Constable Choate would not be rendered wrongful by failure to obtain a search warrant as provided in Art. 1525C, § 10 of Vernon's Annotated Penal Code. The horse was taken up on the open range and there was no occasion to obtain a search warrant.

On the verdict of the jury the defendants were entitled to judgment. No issue of wrongful conversion was submitted to the jury or requested. And even if the evidence raised the issue, and we think it did not, still it was not such issue as the court was authorized to find in support of the judgment. Pioneer Bldg. & Loan Ass'n v. Compton, Tex.Civ.App., 105 S.W.2d 354, 355, and authorities cited. The trial court should have entered judgment for the defendants on the verdict.

We think it sufficiently appears from the record that appellee in fact has no cause of action. It is accordingly ordered that the judgment of the trial court be reversed and judgment here rendered for appellants.

Reversed and rendered.