Walter HARWELL, Appellant,

v.

WARD COUNTY, Appellee.

No. 5322.

Court of Civil Appeals of Texas.

El Paso.

June 25, 1958.

Rehearing Denied July 16, 1958.

Turpin, Kerr & Smith, Midland, for appellant.

Murray John Howze, County Atty. Monahans, for appellee.

## PER CURIAM.

■ After considerable consideration, discussion and controversy, a majority of the Commissioners Court of Ward County concluded to contract with the State Highway Commisson for the purpose of building a road known as a farm to market road. Ten miles of this road were in Ward County, and seven miles in Pecos County. For reasons of its own, Pecos County declined and refused to contribute in any way to the seven miles proposed to be built in its county. The purpose of the road was to promote commerce and traffic between a newly developed and highly productive cotton area, known as Coyanosa, with apparently several areas and cities anxious for the business. Because they could get no assistance from Pecos County, a majority of the Ward County Commissioners Court entered into a contract with the State Highway Commission, under which the State Highway Commission agreed to build the entire 17 mile road provided Ward County would pay the State Highway Commission the sum of $90,000, furnish the funds required for the purchase of all the right of way, or furnish same free of charge. It was stipulated that both parties understood, and it was agreed, that in furnishing a complete right of way for the entire 17 miles, Ward County would, without expense to the State, fence said right of way on both sides.

The record indicates that there was much competition for the commerce from this new area, and several other farm to market roads were proposed by other areas. In any event, a majority of the Commissioners Court of Ward County entered into the above described agreement, which was carried out. The $90,000 was sent to the State Highway Department, Ward County secured the right of way, and, at its own expense, fenced the entire right of way, including the seven miles in Pecos County, Texas.

In the course of events, upon request from the State Highway Department, Ward County began the fencing of the seven miles of right of way lying in Pecos County, and in carrying out this purpose the defendant, County Judge of Ward County, ordered County employees to deliver barbed wire, posts and staples to the workmen in Pecos County putting up the fence. A grand jury met in Ward County and requested the County Attorney to file suit against the five members of the Commissioners Court of Ward County for the value of the wire and posts which were sent to Pecos County, and for the labor bill for installing the fence. There was no attempt made to recover the $90,000 or any sums apparently spent for right of way.

At the trial, all claims were ruled out except a claim against the County Judge, personally, and judgment was rendered against him in the sum of $3,848.64 as representing the value of the materials which the court held he wrongfully ordered delivered to the job in Pecos County. From this judgment against him individually, the defendant has appealed.

Appellant has presented a number of points, which we will dispose of in a more or less general manner.

■ The first point we think presents error, in that we think that the trial judge should have sustained defendant's exception which challenged the right of the grand jury to cause this suit to be filed. Our examination of the authorities leads

us to believe that, first, Art. 339, R.C.S., Texas, does not authorize the County Attorney to bring a suit of this nature, as the wording of the Article itself specifically authorizes him to institute proceedings against—

" * * * any officer in his district or county entrusted with the collection or safe keeping of any public funds * * *".

We do not believe that this Article justifies or authorizes a suit of this nature, nor have we found any authority that authorizes or requires the filing of such suit because the grand jury has so requested or ordered. Where no statute gives county or district attorneys power to sue on behalf of the county, the Commissioners Court alone has the right to determine whether suit shall be brought. Edmondson v. Cummings, Tex.Civ.App., 203 S.W. 428; Hoffman v. Davis, Tex.Com.App., 100 S.W.2d 94. There are plainly defined legal remedies available to citizens, individually or in groups, where they have complaint against the official behavior of the Commissioners Court, but we do not believe that the procedure followed here is the proper method, and we think therefore that appellant's Exception No. 7 should have been sustained.

After careful consideration of the facts and circumstances of this controversy, we do not believe that the plaintiff has made out a case entitling it to recover from the defendant the personal judgment that the court awarded. Defendant was and is County Judge of Ward County, and a member of the Commissioners Court that authorized the furnishing of the right of way in Pecos County. It was stipulated between the parties that "furnishing the right of way" meant that same would be fenced on both sides. There is nothing in the record to indicate that the defendant acted willfully, maliciously, or in any manner to his own personal advantage. The judgment of the court exonerated him of acting in bad faith. He was apparently carrying out an agreement previously entered into by the court, of which he was a part. As stated, there is no evidence of willfulness or maliciousness, and we do not find any evidence that, in the exercise of the powers conferred upon him, he acted arbitrarily or in bad faith. There is no evidence that he profited personally in any way; on the contrary, the record clearly indicates that what he did, he did as County Judge, in the exercise of what he thought was his duty and authority. It is elementary that to recover a personal judgment against an individual, the burden is on the plaintiff to show that the defendant is individually liable, and ought to be cast in damages. No such evidence exists in this case, nor does the record indicate that as a public official the defendant acted with such malice, arbitrariness or self-enhancement as to constitute an abuse of his legally entrusted powers. Therefore, we do not find any legal reason or authority for holding this defendant personally liable. It has long been held that public officials are not liable for acts performed within the scope of their public duties, and we think that principle is here applicable. Choate v. Renfro, Tex.Civ.App., 126 S.W.2d 718 (wr. ref); Gallaway v. Sheppard, Tex.Civ.App., 89 S.W.2d 417 (err. dism.); Ross v. Gonzales, Tex.Civ.App., 29 S.W.2d 437 (err. dism.).

We will not go into the question of the legality of the contract between Ward County and the State of Texas, nor shall we deal with the matter of this being a collateral attack on the Commissioners Court and the defendant, as we believe the matters stated above dispose of this case. Therefore, appellant's Points 1 and 5 are sustained in accordance with this opinion.

For the reasons stated above, the decision of the trial court is reversed, and rendered that the plaintiff take nothing.