T. A. BINFORD, SHERIFF, v. C. W. ROBINSON, JUDGE OF THE CRIMINAL DISTRICT COURT OF HARRIS COUNTY.

No. 3575.    Decided November 18, 1922.

(244 S. W., 807.)

**1.—Statutory Construction—Fees of Office.**

Statutes regulating fees of office are to be strictly construed, and no officer permitted to take from the revenues of the State money not provided for by statute. But where the language of the statute is not clear it is to be construed in the light of its setting and legislative purpose; and the usual methods and rules of interpretation are applicable to it. (p. 87).

**2.—Same—Sheriff—Conveying Prisoners.**

Construing sections 1 and 5 of article 1122 of the Code of Criminal Procedure, it is held that the fees allowed a sheriff for going after a prisoner and conveying him to jail are 5 cents per mile for the sheriff in going; and in returning with the prisoner 10 cents per mile for himself and 10 cents per mile for the prisoner, including guards and all other necessary expenses, if traveling by rail—otherwise 14 cents; and where more than one prisoner is so conveyed at one time 8 cents per mile for each additional prisoner. The judge refusing to approve the sheriff's account on this basis is here required to do so by *mandamus.* (pp. 88, 89).

Original action in the Supreme Court, by Binford, Sheriff of Harris County, against Robinson, Judge of the Criminal District Court of Harris County, and in the alternative against Lon A. Smith Comptroller of the State, for writ of mandamus requiring the approval of relator's account for apprehending and conveying prisoners.

*E. R. Campbell,* and *Louis, Campbell & Nicholson,* for relator.

The Attorney General of the State has construed Article 1122 of the Code of Criminal Procedure (or rather Article 1130, which for the purpose of the question to be decided is entirely analogous and similar), by an opinion dated March 1, 1919, found in the bound report of the Attorney General 1918-20, page 440. In this opinion, construing the fees for mileage to which the Sheriff is entitled under Article 1130 of the Code of Criminal Procedure, the Attorney General says:

"You are therefore respectfully advised that the Sheriff in counties having a population of less than 40,000 inhabitants is entitled for executing each warrant of arrest or *capias* in felony cases $3, and 15 cents for each mile actually and necessarily traveled in going to place of arrest, and for conveying the prisoner or prisoners to jail, if traveling by railroad, 10 cents a mile for himself and 10 cents for each prisoner; when traveling otherwise than by railroad, 15 cents a mile for himself and 15 cents a mile for his prisoner; if more than one prisoner he shall receive 10 cents a mile for each additional prisoner."

The only difference between Article 1122 and Article 1130 is that the former relates to fees which may be charged by the Sheriff in counties of more than 40,000 inhabitants, while the latter applies to counties of less than 40,000 inhabitants.

*C. W. Robinson,* respondent, *in pro. per.*

Recently Article 1130 as amended in 1917 was construed by the Comptroller and the sheriff, but that statute is not applicable here. They become confused by the wording of Article 1130 as it now exists and particularly by the use of the word "only," assuming that it means to imply by its use an additional and like initial rate for the sheriff himself. It becomes apparent that the word "only" was used first at a time when the initial compensation was greater than that allowed for the additional prisoner and that thereafter in 1889 when the initial compensation was reduced and the additional compensation remained the same, the wording was not changed. This could not affect the meaning of the language, nor could it be given the effect sought, viz., to allow an additional rate for the sheriff.

*C. M. Cureton,* Attorney-General, and *L. C. Sutton,* Assistant, for respondent Smith. .

Mr. Justice PIERSON delivered the opinion of the court.

Respondent C. W. Robinson, Judge of the Criminal District Court of Harris County, refused to approve the account of relator, T. A. Binford, Sheriff of Harris County, for the November term of court 1920, holding that under Article 1122, Subdivision 1 and 5 thereof, of the Code of Criminal Procedure, the relator, Binford, was not entitled to ten cents per mile for himself and ten cents per mile for the prisoner in returning with and conveying to jail a prisoner, but that under said Article only ten cents per mile was allowed for himself and the prisoner when only one was conveyed, and eight cents per mile for each additional prisoner when there were more than one. Thereupon the relator changed his account so as to conform to the Judge's ruling, and the account was approved. However, respondent Lon A. Smith, the Comptroller of the State, refused to approve and order payment of same as reformed and changed, holding that under said Article 1122 relator, the Sheriff, was allowed ten cents per mile for himself and ten cents for the prisoner, where only one was conveyed, and the eight cents per mile for each additional one. Thus, between the rulings of the two respondents, relator was unable to secure the approval and payment of his account. Therefore, he prays for a writ of mandamus, first, to require respondent Robinson to approve his account for mileage as first presented to him. But if it should be determined that under Article 1122 he is not entitled to ten cents per mile for himself and ten cents per mile for one prisoner, then, in the alternative, he prays for a writ to require the Comptroller to approve his account for the allowance of mileage of only ten cents per mile for both himself and the prisoner.

He is clearly entitled to his writ of mandamus against one or the other. The issue in the case is the interpretation or construction of said Article 1122.

The parts of Article 1122 of the Code of Criminal Procedure that are material to this case read as follows:

"Fees to sheriff or constable.—The sheriffs and constables in this State shall receive the following fees:

"1. For executing each warrant of arrest or *capias*, for making arrest without warant, when so authorized by law, the sum of one dollar, and in all cases, five cents per mile for each mile actually and necessarily traveled in going to the place of arrest; and, for conveying the prisoner or prisoners to jail, he shall receive the mileage provided in subdivision five of this act.

"5. For removing or conveying prisoners, for each mile going and coming, including guards, and all other necessary expenses when traveling by railroad, ten cents. When traveling otherwise than by railroad, fourteen cents; provided, that where more than one prisoner is so conveyed or removed at the same time, in addition to the foregoing, he shall only be allowed eight cents per mile for each additional prisoner."

We agree with the proposition that statutes of this character are to be strictly construed, and that an officer cannot be permitted to take from the revenues of the State, or to divert from its course to the treasury, money not provided for by statute. State v. Moore, 57 Texas, 307; McLennan County v. Boggess, 104 Texas, 311, 137 S. W., 348. Yet, the statute here undoubtedly makes provision for the mileage of sheriffs, and, its language not being·perfectly clear, it is incumbent upon us, if possible, to ascertain its meaning from its text, and to construe it in the light of its setting and the legislative purpose, if same can be reasonably ascertained.

It will be observed that Subdivision 1 provides that the sheriff shall receive five cents per mile in going after a prisoner, and for returning with the prisoner to jail he shall receive the mileage provided in Subdivision 5. Subdivision 5 provides mileage to be received for removing or conveying prisoners, including guards and all other necessary expenses.

The subject in Subdivision 1 is the mileage allowed to the sheriff for *his* going after a prisoner and for returning with and conveying the prisoner to jail. The subject in Subdivision 5 is the mileage provided for the removal or conveyance of prisoners. We construe Subdivision 1 to mean that the sheriff, in conveying the prisoner or prisoners, shall receive for *his* mileage the mileage provided in Subdivision 5 for the conveyance of prisoners. Subdivision 1 allows him five cents per mile for going after the prisoner, and for his return with the prisoner it allows him the mileage provided in Subdivision 5, relating to the conveying of the prisoners. The subject in Subdivision 5 is the mileage provided for conveying prisoners, which allows ten cents per mile for conveying one, and eight cents per mile for each additional prisoner.

An analogous piece of legislation is found in Article 1130 of the Code of Criminal Procedure. There the Legislature was dealing with identically the same subject-matter as here, except it was providing for mileage to be allowed in counties of less than 40,000 inhabitants. The subdivision numbers and the language used are.the same, and the Article is the same throughout, except that a larger allowance is made for sheriffs in smaller counties. Sudivision No. 1 of that Article, as amended by the Acts of the Thirty-fifth Legislature, Chapter 161, page 370, provides that in counties having a population of less than 40,000 inhabitants the sheriff is allowed *fifteen* cents per mile for *going after* the prisoner, and for conveying the prisoner or prisoners to jail, mileage as provided in Subdivision 5 of said Article 1130 of the Code of Criminal Procedure, which is, ten cents per mile for conveying one prisoner, and eight cents per mile for each additional one. Thus it will be seen that the Legislature provided mileage for the sheriff in going after a prisoner *fifteen* cents

per mile, and in returning with the prisoner—a more onerous and responsible undertaking—*only ten cents* per mile, unless it was the legislative intent in the language it used to provide that the sheriff should receive the same mileage for himself as provided in Subdivision 5 for one prisoner.

As stated, the question of the interpretation of Article 1122 of the Code of Criminal Procedure, involved in the litigation before us, is the very same as that in Article 1130 of the Code of Criminal Procedure. While it might be argued that the Legislature did not have Article 1122 in mind when it amended Article 1130, yet it is at least persuasive as to the general policy of that body upon the same subject-matter.

If Article 1130 is to be construed to mean that the sheriff is entitled to ten cents per mile for himself and ten cents per mile for one prisoner, and eight cents per mile for each additional prisoner, then Article 1122, under consideration, must be so construed, as the question is the same.

We think there can be but little doubt that the Legislature, in enacting Article 1130, meant to provide for ten cents mileage for the sheriff himself upon his return trip with the prisoner or prisoners. It allowed the sheriff fifteen cents per mile for going after a prisoner. Then he was free from the responsibility of keeping his prisoner, and from the care, burden, and necessary expense of looking after and providing for him. If allowed only ten cents per mile on his return with the prisoner, for both himself and the prisoner, he would be allowed much less than while going after the prisoner, though free from responsibility and extra expense; and yet, as provided by Subdivision 5, the ten cents per mile was to include "*guards and all other necessary expenses.*"

We apply the same construction to Article 1122. The fact that ten cents per mile to cover both the mileage of the sheriff and the prisoner, "including guards and all other necessary expenses," is inadequate and often entailed an actual loss upon the sheriff, supports our construction of this statute. Doubtless this fact was known to the District Judges of the State and to the Comptroller, and was in the mind of the Legislature when the law was enacted.

This construction does no violence to the wording of the statute, and is better supported by the reasoning suggested by the wording of the statute itself, and by what, more clearly, we think, was the intention of the Legislature. While fee statutes should be strictly construed, yet, in applying them and in ascertaining the intent of the Legislature and the meaning of the statute, the usual methods and rules of interpretation are applicable.

It is true the Legislature used the words "for conveying" the prisoner or prisoners in Subdivision 1 and Subdivision 5; and therein

lies the difficulty. If these words and the sentences in which they appear are given a strictly literal construction, and if the subsequent language used and the general import and meaning of the two Subdivisions taken together are ignored or rejected, then perhaps it should be held that the statute limits the sheriff's mileage on return with his prisoner, *"including guards, and all other necessary expenses,"* to ten cents per mile for himself and the prisoner. But we think this construction would do violence to the real meaning of the statute as disclosed by the statute itself.

The analysis is this: The sheriff is allowed five cents per mile while going after the prisoner (free and foot loose, so to speak). On returning to the jail with the prisoner, with the increased burden, responsibility and hazard of conveying his prisoner, *he* shall receive *for himself* the mileage provided in Subdivision 5, which is ten cents per mile; and, as provided in Subdivision 5, for removing or conveying the prisoner, *including guards, and all other necessary expenses,* he shall receive ten cents per mile.

In Article 1122, the Article under consideration, Subdivision 5 provides that for *each additional* prisoner the sheriff shall receive *only* eight cents per mile.

In the first place, what is the significance of the little word "only?" Simply that the sheriff was to receive ten cents per mile for conveying *one* prisoner, and eight cents for each additional prisoner; thus providing for each individual, ten cents per mile for each person (including the sheriff, for he had to travel and bear the necessary expenses incident thereto); and when conveying more than one prisoner, then only eight cents per mile should be allowed for each additional one.

The writ is granted directing the respondent District Judge to approve relator's account for ten cents per mile for himself and ten cents per mile for the prisoner when only one is conveyed.

CHIEF JUSTICE CURETON not sitting.