

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXX~~
~~WILL WILSON~~
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

This Opinion
Overrules Opinion
#0-722--0-1234--0-1529

Honorable I. Predecki
County Auditor
Galveston, Texas

Overruled by 0-6616

Dear Sir:

Opinion No. 0-3091
Re: Compensation of a special
county judge of Galveston
County.

Your recent request for an opinion of this department on the above stated matter has been received.

We quote from your letters of October 9, 1940, and January 25, 1941, as follows:

"County Judge E. B. Holman of this county, has been sick at his home for approximately two months and unable to preside as Judge of the County Court.

"The Bar Association at a special called meeting on August 21st, 1940, elected Mr. Russel H. Markwell to preside as Special Judge having reference to probate and civil matters in the County Court.

"It has been brought to my attention that the County may be asked to, pay for the services rendered by the Special Judge presiding in the County Court. I have been unable to find a statute that authorizes the Commissioners' Court to pay the salary of the duly elected County Judge and a salary to a Special Judge presiding as stated above. Judge Holman is receiving the full amount of his monthly salary as authorized in January of this year by resolution of the Commissioners' Court, during the period of his illness.

Honorable I. Predecki, Page 2

May 27th, 1939, to Mr. Fred T. Porter, County
Attorney, Kaufman County, you state: 'A
Special County Judge, whether serving in a
general capacity or a probate capacity, only
should be compensated on the following basis:
The annual salary of the Judge of the County
Court divided by 365 and the quotiant multi-
plied by the number of days actually served
by such Special Judge. This compensation
should be paid from the Officers' Salary Fund
of the County.'

"* * *."

"On October 9th, 1940, I wrote and asked
for an opinion with reference to the salary or
compensation to be paid the Special Judge who
was nominated by the Bar Association to act
during the absence, through illness, of the
elected County Judge E. B. Holman of this Coun-
ty.

"In a letter from you, signed by Mr. W. C.
Cason, Administrative Assistant, I received
copies of Opinions Nos. O-722, O-1234 and O-1529,
concerning the question submitted in my letter,
a copy of which I also enclose.

"Judge Holman was detained at his home until
the 1st of January, 1941. On yesterday, Mr.
Russell H. Markwell, Special County Judge, pres-
ented to me his claim in the total amount of
$1,726.43, claiming this as his compensation from
August 21st, 1940, through December 31st, 1940,
inclusive. I enclose a copy of nis bill.

"From the opinions received, I understan d
that the Special Judge is to be paid for each
day that he actually serves, and the compensation
to be arrived at as stated on Page 2 of Opinion
No. O-722. As Mr. Markwell renders his bill for
every day, including Sundays and holidays from
August 21st, 1940, ne is requesting payment not
for the days that he actually served, but for
every day intervening between the first day of
his appointment until the last day.

"I understand from the opinions rendered
that the Special Judge is entitled to all of the

compensation received by the duly elected Judge (in Galveston County, the County Judge receives $4,750.00 per annum, and which he received during his absence) and it is necessary for me to establish the number of actual days for which he is to be paid.

"I therefore respectfully ask your opinion to aid me in determining the actual days that he served, whether the time is represented as shown in the Minutes of the County Court or whether it includes any ministerial duty that devolves on the County Judge and of which there is no record in the Minutes of the Probate or Civil Dockets. To substantiate or verify his claim, it would be necessary that the County Clerk show the number of days that were actually served by the Special Judge and that the Clerk certify to this statement. The claim that Mr. Markwell has presented is a statement covering the entire period without any reference to Sundays, holidays, and when no Probate or Civil matters came up for hearing. At times the Special Judge appeared at the office of the County Judge and whether any duties were performed or not, I am unprepared to say and it might be that some days the Special Judge did not appear at all. In other words, what constitutes in your opinion, a working day for the Special County Judge."

The claim of Honorable Russell H. Markwell presented the following claim against the County of Galveston for service rendered as Special County Judge reads as follows:

"LAW OFFICES
THORNTON & MARKWELL
GALVESTON TEXAS.

January 23rd, 1941.

"CLAIM OF RUSSEL H. MARKWELL AGAINST THE COUNTY OF GALVESTON FOR SERVICES RENDERED AS SPECIAL COUNTY JUDGE AUGUST 21st, 1940 THROUGH DECEMBER 31st, 1940 INCLUSIVE.

11 days in August - - - - - - - - - $143.11

4 months at $395.83 per month - - - - - <u>$ 1583.32</u>
    Total amount of claim as
    provided by Statute .- - - - - $ 1726.43

> Respectfully yours,
> (Signed) Russel H. Markwell"

Section 16, Article 5 of the State Constitution provides in part as follows:

> "* * *. When the judge of the County Court
> is disqualified in any case pending in the County
> Court the parties interested may, by consent, ap-
> point a proper person to try said case, or upon
> their failing to do so a competent person may be
> appointed to try the same in the county where it
> is pending in such manner as may be prescribed
> by law."

Articles 1930, 1931, 1932, 1933 and 1934, Vernon's Annotated Civil Statutes, read as follows:

> "Art. 1930. When a judge of the county
> court is disqualified, the parties may, by
> consent, appoint a proper person to try such
> case.

> "Art. 1931. Whenever a judge of the coun-
> ty court is disqualified to try a civil case
> pending in the county court, and the parties
> shall fail at the first term of the court to
> agree upon a special judge, the judge shall
> certify his disqualification to the Governor
> and the failure to agree upon another to try
> the same, whereupon the Governor shall ap-
> point some person, learned in the law to try
> such case.

> "Art. 1932. When a county judge is dis-
> qualified to act in any probate matter, he
> shall forthwith certify his disqualification
> therein to the Governor, whereupon the Governor
> shall appoint some person to act as special
> judge in said case, who shall act from term to
> term until such disqualification ceases to ex-
> ist. A special judge so appointed shall re-
> ceive the same compensation as is now or may

Honorable I. Predecki, Page 5

hereafter be provided by law for regular
judges in similar cases, and the Commis-
sioners' Court shall, at the beginning of
each fiscal year, include in the budget of
the county, a sufficient sum for the pay-
ment of the special judge or judges ap-
pointed by the Governor to act for the
regular county judge.

"Art. 1933. Whenever the county judge or
the special judge shall be disqualified from
trying a case, the parties or their counsel
may agree upon an attorney for the trial there-
of; and, if they shall fail to agree upon an
attorney at or before the time it is called
for trial, or if the trial of the case is
pending and the county judge should become
unable to act, or is absent, and a special
judge is selected who is disqualified to pro-
ceed with the trial, and the parties then
fail to select or agree upon a special judge
who is qualified, the county judge or special
judge presiding shall certify the fact to the
Governor immediately, whereupon the Governor
shall appoint a special judge, qualified to
try same. Such appointment may be made by
telegram or otherwise. The special judge
shall proceed to the trial or disposition of
such case. Any special judge agreed upon or
appointed to try cases shall receive the same
pay for his services as is provided by law for
county judges.

"Art. 1934. If a county judge fails to
appear at the time appointed for holding the
court, or should he be absent during the term
or unable or unwilling to hold the court, a
special county judge may be elected in like
manner as is provided for the election of a
special district judge. The special county
judge so elected shall have all the authority
of the county judge while in the trial and
disposition of any case pending in said court
during the absence, inability, or such refusal
of the county judge. Similar elections may be
held at any time during the term, to supply the
absence, failure or inability of the county
judge, or any special judge, to perform the
duties of the office. When a special county

judge shall have been so elected, the clerk shall enter upon the minutes of the court, a record such as is provided for in like cases in the district court."

Articles 554, 555, 556 and 557, Vernon's Code of Criminal Procedure, read as follows:

"Art. 554. When the judge of the county court or county court at law is disqualified in any criminal case pending in the court of which he is judge, the parties may, by consent, agree upon a special judge to try such case. If they fail to agree upon a special judge to try such case, on or before the third day of the term at which such case may be called for trial, the judge presiding shall forthwith certify that fact to the Governor, who shall forthwith appoint some practicing attorney to try such case.

"Art. 555. The attorney agreed upon or appointed shall, before he enters upon his duties as special judge, take the oath of office required by the Constitution.

"Art. 556. When a special judge is agreed upon by the parties or appointed by the Governor, as above provided, the clerk shall enter in the minutes as a part of the proceedings in such cause, a record showing:

"1. That the judge of the court was disqualified to try the cause.

"2. That such special judge (naming him) was by consent of the parties agreed upon or was appointed by the Governor to try the cause.

"3. That the oath of office prescribed by law has been duly administered to such special judge.

"Art. 557. A special judge selected or appointed in accordance with the preceding articles shall receive the same compensation as provided by law for regular judges in similar cases."

Honorable I. Predecki, Page 7


It is stated in Texas Jurisprudence, Vol. 25, p. 314, that:

"There are three modes in which a
judge may be selected to take the place
of a regular county or district judge:
First, if the regular judge fails to ap-
pear at the appointed time and place for
holding his court, an election of a special
judge must be held in accordance with the
statutory provisions; second, if the regular
judge is from any cause disqualified to try
a case, the parties thereto may by agree-
ment appoint a special trial judge; third,
should the parties fail to agree on a
special judge, an appointment may be made
by the governor. The special judge selected
in any of these modes should possess the
necessary qualifications, and should take the
oath of office."

It is further stated in Texas Jurisprudence, Vol. 25, pp. 325, 326 and 327, as follows:

"During the continued absence of the
regular judge, or his continued unwillingness
to serve, a special judge elected by the at-
torneys is, within the meaning of the constitu-
tion and laws, a judge of the court. Generally
speaking, he has all the authority of a regular
judge with respect to cases that properly come
before him, or, at least, he has such of the
regular judge's powers as are necessary to
enable him to transact the business of the
court. An elected special judge may preside
--even at a special term of court--in all
cases in which he is not disqualified; his au-
thority is not limited to the trial of cases
in which the regular judge is not disqualified.
He may dispose of the unfinished business of
the regular incumbent or of another special
judge; he may adjourn court from day to day;
and he may validate acts of his predecessor.
It seems, however, that a special judge has
no authority beyond the particular court which
he is elected to hold."

It is further stated in Texas Jurisprudence, Vol. 25, p. 309, that:

"Under the constitution and statutes there is but one occasion upon which the parties, through mutual consent, may 'appoint a proper person to try the case'; such occasion arises when the regular judge is legally disqualified. The absence of the regular judge for any reason does not authorize such appointment; in such a case the special judge is to be elected by the bar, or appointed by the governor. On the other hand, the disqualification of a judge is not ground for the election of a special judge by attorneys, unless, it seems, the parties or the governor should fail to designate a judge to sit in the place of the one who is disqualified."

We quote further from Texas Jurisprudence, Vol. 25, p. 308, as follows:

"The selection or appointment of a special judge is proper only upon the conditions specified in the constitution and statutes. According to such conditions a special county or district judge may be selected by consent of the parties when the regular judge is disqualified; and an election of a special judge by attorneys is proper should a district judge 'fail or refuse to hold the court,' or, in the case of county judges, if the judge 'fails to appear at the time appointed for holding the court, or should he be absent during the term or unable or unwilling to hold the court. The foregoing are the only circumstances in which the selection of a special county or district judge is authorized. As we shall see presently, a special judge may not be selected to fill a vacancy in the judicial office. The statutes providing for the election of a special judge in the event that the regular judge is absent or UNWILLING TO HOLD COURT HAVE BEEN HELL TO BE CONSTITUTIONAL..."

Sections 67, 68 and 69, Vol. 25, pp. 314, 315, 316 and 317, Texas Jurisprudence, read in part as follows:

"Sec. 67. With respect to both district and county judges, the statutes provide for the election of a special judge when the regular judge is absent or unable to preside. Although not expressly authorized in the constitution, the procedure so provided is not objectionable upon constitutional grounds; and it is applicable to both regular and special terms.

"The purpose of the election of a special judge is to prevent a failure to hold a term of the court because of the absence of the regular judge. As above stated, an election may be held when the regular judge fails to appear or is unwilling to hold court; but this is not the proper procedure when the regular judge is disqualified, or when a vacancy has occurred in the office itself.

"Sec. 68. A special judge may be elected by the bar either at a regular or a special term. Where the regular judge fails to appear at the beginning of the term, one day may be allowed to elapse before resort is had to an election; but this delay is not necessary; the attorneys attending the court may proceed at once to the selection of a special judge. However, if after the election, either on the first or second day, the regular judge puts in an appearance, he assumes control of the court and ousts the special judge of jurisdiction. Where the court has been adjourned from day to day for three days, because of the failure of the judge to appear, or where court has been convened and has not been adjourned for the term, the election may be held upon the morning of the fourth day, unless the regular judge on that morning puts in an appearance.

"'Like elections may be held from time to time during the term of the court to supply the absence, failure or inability of the judge, or of any special judge, to perform the duties of the office.'"

"Sec. 69. An election of special judge is to be held by the practicing attorneys of the court, and the person to be selected as judge must be one of their number. The manner of conducting the election--the proclamation,

Hon. I. Predecki, Page 10

the duties of the sheriff, constable and clerk,
and the voting--are prescribed by statute. * * *."

"The only limitation with respect to the
right of an attorney to vote at the election is
that he shall be a practicing lawyer of the court;
he may vote although he resides outside the coun-
ty and district, and may cast his ballot for
himself. The majority which is sufficient to
elect is a majority of those participating in
the election and not a majority of the attorneys
present in court.

"* * *."

Sections 2 and 3 of Article 3926, Vernon's Annotated
Civil Statutes, read as follows:

"2. For each case of lunacy disposed of
by him, three dollars, to be paid out of the
county treasury. For each civil cause finally
disposed of by him by trial or otherwise, three
dollars, to be taxed against (against) the party
cast in the suit; provided, that if said party
has filed his oath of inability to pay costs
during the progress of the cause, or be unable
to pay costs, then the county judge shall be
allowed by the commissioners court such com-
pensation it may deem proper, not to exceed
three dollars for each State case.

"3. For presiding over the commissioners'
court, ordering elections and making returns
thereof, hearing and determining civil causes,
if any, and transacting all other official busi-
ness not otherwise provided for, the County
Judge shall receive such salary from the County
Treasury as the commissioners' court may allow
him by order, payable monthly from the general
funds of the county, provided, that in counties
having $290,000,000.00 assessed valuation,
or more, and which have established therein
institutions for the care of both dependent
and delinquent boys and girls, the County
Judge shall receive as ex-officio salary,
not to be accounted for as fees of office,
and in addition to all amounts allowed under
the Maximum Fee Bill, the further sum of
$3,000.00 per annum, payable monthly out of
the general funds of the county."

Sections 3 of Article 3926, supra, no longer applies
to counties whose officers are compensated on a salary basis
under Article 3912e, Vernon's Annotated Civil Statutes. Sec-

Hon. I. Predecki, Page 11

tion 2 of said statute is applicable to all counties whether on a salary or fee basis, but in counties whose county officials are compensated on salary basis, the fee is collected and paid into the "Officers' Salary Fund", while in fee counties the fees collected are paid to the County Judge to be accounted for by him under appropriate statutes.

Article 1052, Code of Criminal Procedure, provides as follows:

"Three Dollars shall be paid by the county to the County Judge, or Judge of the Court at Law, and Two Dollars and fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties having a population of 20,000 or less, the Justice of the Peace shall receive a trial fee of Three Dollars. Such Judge or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Porvided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Articles 1887 and 6821, Vernon's Annotated Civil Statutes, read as follows:

"Art. 1887. Should the judge of a district court on the first or any future day of a term, fail or refuse to hold the court, the practicing lawyers of the court

present may elect from among their number
a special judge who shall hold the court
and proceed with the business thereof."

"Art. 6821. The salaries of special
judges commissioned by the Governor in
obedience to Section 11, Article 5, of the
Constitution, or elected by the practicing
lawyers or agreed upon by the parties as
provided by law, shall be determined and
paid as follows:

"1. Each special judge shall receive
the same pay as district judges for every
day that he may be occupied in performing
the duties of judge, and those commissioned
by the Governor shall also receive the same
pay as district judges for every day they
may be necessarily occupied in going to and
returning from the place where they may be
required to hold court.

"2. The amount of such salary shall
be ascertained by dividing the salary al-
lowed a district judge by three hundred and
sixty-five, and then multiplying the quotient
by the number of days actually served by the
special judge.

"3. A judge so commissioned shall, in
order to obtain his salary, present his sworn
account to the Comptroller, showing the number
of days necessarily occupied in going to and
returning from such place, accompanied by
evidence that he was duly commissioned. Such
account shall be certified to be correct by
the judge of the district, or by the clerk
of the court in which the services were per-
formed.

"4. A judge so elected or agreed upon
shall be paid for his services on presentation
to the Comptroller of the certificate of the
clerk of the court in which such services were
performed, showing the record of such election
or appointment and services, and accompanied
by the sworn account of such judge showing the
number of days, actually served by him as such
special judge."

It will be noted that Article 6821, supra, provides
compensation for special district judges, who are appointed by
the Governor, or elected, or agreed upon. There is no such
provision for paying special county judges in the above article.
Article 1933, supra, provides compensation for special county

Hon. I. Predecki, Page 13

judges appointed or agreed upon, but does not mention or pro-
vide compensation for special county judges who are elected by
the bar as authorized by Article 1934, supra.

The above mentioned statutes, in both the Code of
Criminal Procedure and the Civil Statutes, providing compensa-
tion for special county judges, apparently apply in cases where
the regular county judge is compensated on a fee basis. The
regular county judge of Galveston County is compensated on an
annual salary basis. Section 4, Article 3912e, provides in
effect that where the county officials are compensated on an
annual salary basis it shall be the duty of all officers to
charge and collect in the manner authorized by law all fees and
commissions which are permitted by law to be assessed and collect-
ed for all official services performed by them. As and when such
fees are collected they shall be deposited in the Officers' Salary
Fund or funds provided in the Act. We have been unable to find
any statute providing compensation for special county judgesserv-
ing in that capacity in counties where the regular county judge
is compensated on an annual salary basis.

It is a well settled law that statutes prescribing fees
for public officers are strictly construed; and hence a right to
fees may not rest in implication. (Tex. Jur., Vol. 34, p. 508;
McCalla v. City of Rockdale, 246 S. W. 654; Binford v. Robin-
son, 244 S. W. 807).

An officer may not claim or reach any money without
a law authorizing him to do so, and clearly fixing the amount
to which he is entitled. (Tex. Jur., Vol. 34, p. 511; Binford
v. Robinson, 244 S. W. 807; McLennan County v. Boggess, 137
S. W. 347; Duclos v. Harris County, 291 S. W. 611, affirmed
298 S. W. 417).

As above stated, we have found no statute author-
izing the payment of compensation to a special county judge
in a county where the regular county judge is compensated on
an annual salary basis. Therefore, in view of the absence of
such statutory authority, we are of the opinion that no com-
pensation is provided for a special county judge in counties
where the regular county judge is compensated on an annual
salary basis.

Our Opinion Nos. O-722, O-1234 and O-1529 are here-
by expressly overruled in so far as they conflict with this
opinion.

Trusting that the foregoing fully answers your in-
quiry, we are

Yours very truly

AW:RS:jrb                          ATTORNEY GENERAL OF TEXAS
APPROVED MAY 1, 1941
/s/ Grover Sellers              By  /s/ Ardell Williams
FIRST ASSISTANT        THIS Opinion Considered     Assistant
ATTORNEY GENERAL       and approved in limited conference