**NIXON–CLAY COMMERCIAL COLLEGE et al. v. WOODS et al.**

No. 11569.

Court of Civil Appeals of Texas. Galveston.

Jan. 13, 1944.

Rehearing Denied Jan. 20, 1944.

Dan Moody, of Austin, for appellants.

Gerald C. Mann, Atty. Gen., Geo. W. Barcus, Asst. Atty. Gen., Cecil C. Cammack, and Geo. W. Sparks, former Asst. Attys. Gen., and Ben H. Powell, of Austin (David Wuntch, of Austin, Martin L. Lilly, of Tyler, and Ralph W. Yarborough, of Austin, of counsel), for appellees other than Woods.

MONTEITH, Chief Justice.

Nixon-Clay Commercial College and Federal Institute, both private corporations

engaged in conducting business or commercial schools, brought this action against L. A. Woods, individually and as State Superintendent of Public Instruction, and against certain individuals alleged to be officers or owners of the capital stock of the Austin School of Business and the Tyler Commercial College, to enjoin the State Superintendent of Public Instruction from promulgating a set of standards for privately owned and conducted business schools and from issuing certificates of approval to appellee business schools, and to enjoin appellee business schools from advertising such approval for the alleged purpose of securing competitive advantage over other privately owned business schools, including appellants.

Appellants alleged that appellees had entered into a scheme whereby the State Superintendent of Public Instruction would pretend to establish certain standards of proficiency for privately owned business schools and that he would issue to such of said schools as complied with the prescribed standards purported certificates, pretending to show that such schools were approved by the State Department of Education, which fact appellee business schools would advertise, for the purpose of securing competitive advantage over appellants, to their detriment in the operation of their schools. They alleged that this prosecution of this alleged scheme had resulted in injury to them, for which they had no adequate remedy at law.

Appellees answered by defensive pleas and by a special plea that the State Superintendent of Public Instruction was authorized by the terms of Articles 2888 and 2889, Vernon's Annotated Civil Statutes, to prescribe standards for privately owned and conducted business schools in the State and to approve them as schools whose work would be given credit without examination in issuing teachers' certificates, and that the Superintendent of Public Instruction had done so under the provisions of said articles.

In a trial before the court without a jury judgment was rendered denying to appellants the relief sought. At the request of appellants the trial court prepared and caused to be filed findings of fact and conclusions of law.

Appellants base their appeal upon the following points: They contend that under said Articles 2888 and 2889 the State Department of Public Instruction is not vested with authority to promulgate standards for privately owned and conducted business schools whose courses of instruction are limited to business subjects, or to approve and classify such institutions as "junior colleges" where students are entitled to certificates to teach in the public school system without examination. They base this contention on the alleged fact that the term "junior college", as used in said Article 2888, applies only to colleges which offer courses of instruction customarily covered in the freshman and sophomore years of senior colleges and universities which offer Bachelor degrees. They further contend that the findings of the trial court that appellees had not entered into a scheme to injure appellants in their business and that appellants had suffered no legal injury by reason of the matters complained of by them, were not supported by sufficient evidence.

It was admitted by the parties that the State Superintendent of Public Instruction, acting under the recommendation of the State Board of Examiners, had approved certain standards for business colleges, which, if conformed to, would entitle the graduates of business colleges who applied for a teacher's certificate to certain named credits. It is not contended by appellants that the standards so fixed were unreasonable, unjust or arbitrary.

E. C. Dodd, a college examiner and director of curriculum in the State Department of Education, testified that a uniform set of standards for business colleges as a basis of teachers' certificates had been prepared and adopted by the Board. He testified that after the Department of Education approved any of the business colleges it continued to supervise and inspect them as it did all of the other schools and commercial junior colleges.

L. A. Woods, the State Superintendent of Public Instruction, testified that when any business college asked that his institution be recognized and graded as a junior college, an examiner was immediately assigned to investigate its curriculum for the purpose of determining whether the school met the standards laid down by the State Board of Examiners, and that if such institution met such standards said school was approved.

The trial court found, in substance, that, on or about September 2, 1941, L. A. Woods,

acting in his official capacity as State Superintendent of Public Instruction, had promulgated and prescribed standards whereby he, as such State Superintendent, would recognize schools teaching courses in commercial subjects on the junior college level for the purpose of applying credits earned therein in such subjects in issuing teachers' certificates; that in establishing such standards and in acting thereunder, neither the said L. A. Woods nor the other appellees herein entered into any scheme to injure appellants in their business; that the said L. A. Woods, acting in his official capacity, had caused to be examined only such colleges as had voluntarily made application for examination and approval, and that he had not required any school to meet the standards recognized by him for an approved business college, or to submit to the jurisdiction of the State Department of Education; that appellants have never made application to either L. A. Woods or the State Department of Education for examination or approval. The court found that L. A. Woods had fairly and uniformly applied the rules complained of by appellants and that he had not discriminated against them in favor of appellee business schools, and that the standards promulgated by him were such that compliance therewith by a business school would make such business school a Junior Business College in fact. The court found that since 1922 the State Department of Public Education had continuously construed and applied such laws to include for approval as colleges or junior colleges teaching courses on the college or junior college level of difficulty, although such schools do not offer a curriculum covering the field of liberal arts, and that since that time the State Department of Public Education has approved schools offering courses of instruction limited to special fields of study, such as commercial subjects, music, and the fine arts. The court found that a junior college was a school offering courses of instruction on the level of difficulty for the first two years above high school level, and that its meaning was not dependent on the breadth or variety of the field of education covered, and that appellee business schools had met the standards promulgated by the State Superintendent of Public Instruction for junior business colleges, which covered a contemplated level of difficulty or standard of work in the field of education equivalent to that customarily offered to students of sophomore and college standing in colleges

and universities which offered a degree of Bachelor of Arts and Bachelor of Science, and other Bachelor degrees.

The court found that appellants had suffered no legal injury by reason of the matters complained of by them.

The statutes material to this appeal are Articles 2656, 2657, 2888 and 2889, Texas Annotated Civil Statutes. Articles 2656 and 2657 define the general duties of the State Superintendent of Public Instruction. They provide that he shall be charged with the administration of the school laws and a general superintendency over business relating to public schools of the State.

Under said Article 2657 it is the duty of the State Superintendent of Public Instruction to advise and counsel the school officers and to issue instructions and regulations for observance by all officers and teachers in all cases wherein the provisions of the school law may require interpretations, in order to carry out the designs expressed therein; "also in cases that may arise in which the law has no provision, and where necessity requires some rule in order that there may be no hardships to individuals, and no delays or inconvenience in the management of school affairs."

Articles 2888 and 2889 are parts of what is generally referred to as the Teacher's Certificate Law. They were originally enacted in 1921.

Paragraph 3 of said Article 2888 provides that: "A person who has satisfactorily completed five full courses in any Texas State normal college, or in any university, senior college, junior college, or normal college which is ranked as first class by the State Superintendent shall be entitled to receive from the State Department of Education an elementary certificate of the first class * * *."

Paragraph 5 thereof reads: "An applicant who has satisfactorily completed the second year's work of a university, or senior or junior college, other than a Texas State normal college, which is classified as first class by the State Superintendent, in which work shall be included two courses of professional training, shall be entitled to receive an elementary certificate of the first class, valid until the sixth anniversary of the thirty-first day of August of the calendar year in which the certificate was issued. * * *"

Paragraph 6 of said Article 2888 has the same provision relative to a high school

certificate if they had done certain work "in any Texas State normal college, or in any university, senior college, junior college, or normal college, which is ranked as first class by the State Superintendent."

Paragraph 7 of said Article 2888 provides for a high school certificate good for four years, if the student "completes two years of college work in any Texas State normal college, or in any university, senior college, junior college, or normal college, which is ranked as first class by the State Superintendent, * * *."

In the three last paragraphs of said Article 2888 it is provided:

" * * * The State Board of Examiners in the State Department of Education shall on application of institutions in Texas to be recognized as junior colleges, teachers' colleges, colleges or universities of the first class, make investigations as to the standards of such institutions, and shall make recommendations to the State Superintendent of Public Instruction, who shall give them such rating as the standards of their work may justify. * * *"

"The State Superintendent shall appoint a suitable person or persons of recognized college standing, who shall make a thorough inspection of the equipment and standards of instruction maintained in each school applying for approval under this law, and who shall make a detailed report to the State Board of Examiners for their consideration. The State Board of Examiners shall make recommendation to the State Superintendent in regard to the classification of schools applying for approval under the provisions of this law, and shall give to them such rating as the standards of their work may justify."

"The State Superintendent shall have each school receiving the benefits of this law thoroughly inspected from year to year as to its standards and facilities of instruction, and he shall have authority to suspend any school from the benefits of this law which fails for any reason to maintain the approved standards of classification."

Under Article 2889 of the Revised Statutes special certificates to teach are authorized, if the applicant "has satisfactorily met the college entrance requirements of any Texas State normal college or any university or senior college, junior college or normal college, ranked as first class by the State Superintendent", and possesses other qualifications not material here.

Under that paragraph of said Article 2888 which provides that, "The State Board of Examiners in the State Department of Education shall on application of institutions in Texas to be recognized as junior colleges, teachers' colleges, colleges or universities of the first class, make investigation as to the standards of such institutions, and shall make recommendations to the State Superintendent of Public Instruction, who shall give them such rating as the standards of their work may justify", it is apparent, we think, that the Legislature in enacting said article did not intend to confine the activities of the State Board of Examiners and the State Superintendent of Public Instruction to institutions which offer Bachelor degrees, as contended by appellants, but that it contemplated that, if and when any institution of either public or private character should make application for recognition as a junior college in order that its students might be entitled to take instructions toward securing teachers' certificates, it should be given proper recognition in the event the school had met the standards promulgated by the State Superintendent of Public Instruction.

The term "junior college" as applied to the facts in this appeal has neither been specifically defined in our statutes nor has its meaning been limited to those institutions which offer Bachelor degrees.

Words and Phrases, Permanent Edition, vol. 7, page 624, discussing the term "college" says: " 'College,' as used in a Statute, 1 Rev.St. (Edmund's Ed.) p. 406; 2 Rev.St. (6th Ed.) p. 12, providing that the trustees of every college to which a charter should be granted by the state shall be a corporation, is not confined to literary colleges, but applies as well to a medical college. People v. Albany Medical College, N. Y., 62 How.Prac. [N.Y.] 220, 222."

The Court of Appeals of Kentucky in the case of Central University of Kentucky v. Walter's Ex'rs, 122 Ky. 65, 90 S.W. 1066, 1070, in discussing the meaning of the term "college" says: "A college means, or ought to mean, growth; the elimination of the false; the fostering of the true. As it is expected to be perpetual in its service, it must conform to the changed condition of each new generation, possessing an elasticity of scope and work commensurate with the changing requirements of the times which it serves. For the past to bind it to unchangeableness would be to prevent

growth, applying the treatment to the head that the Chinese do to the feet."

■ In the absence of a definition of the term "junior college" in our statutes, and in view of the fact that the meaning of the term has not been limited as contended by appellants, it is, we think, apparent that the Legislature did not intend that the term "junior college" should be confined to literary colleges, but that it was intended to apply also to other schools of instruction, including business junior colleges.

■ In view of the fact that under said Article 2656 the State Superintendent of Public Instruction is charged with the administration of the school laws of the State and a general superintendency of the business relating to the public schools, and the fact that under said Article 2888 he is given special authority to classify schools for the purpose of determining whether students who had taken specified courses in the institutions were eligible and qualified to teach in the public school system, we think that the determination of these facts, including the classification of business schools as junior colleges, are matters which involve the exercise of official discretion on the part of the State Superintendent, and as such they may not, we think, be regulated or inhibited by the courts in the absence of an abuse of such official discretion.

The trial court in the instant case found, in effect, on what we deem to be sufficient evidence, that there had been no abuse of official discretion on the part of the Superintendent of Public Instruction.

■ Under appropriate points appellants assign error in the action of the trial court in finding that appellee business schools had each, in fact, met the standards prescribed by the State Superintendent, and in finding that appellees had neither developed nor entered into any scheme to injure appellants in their business and in concluding that appellants had suffered no legal injury by reason of the matters complained of by them. This contention cannot be sustained.

The record shows that the trial court arrived at his decision after a thorough hearing of the facts and that there was ample evidence to support the findings complained of.

It is the established law in this State that, where there is sufficient evidence to support the findings of the trial court in an action tried without a jury, the findings have the same force and effect on the facts found as a verdict of the jury and a reviewing court must affirm the trial court's judgment in the absence of substantial error. Carpenters and Joiners Union, etc., v. Ritter's Cafe, Tex.Civ.App., 149 S.W.2d 694, error refused, certiorari granted 314 U.S. 595, 62 S.Ct. 111, 86 L.Ed. 480, affirmed 315 U.S. 722, 62 S.Ct. 807, 86 L.Ed. 1143.

The judgment of the trial court is in all things affirmed.

Affirmed.