

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 14, 1964

Honorable C. J. Eden
County Attorney
Stephens County
Breckenridge, Texas

Opinion No. C-282

Re: Whether the County Clerk,
under the provisions of
Article 3930, Vernon's
Civil Statutes, has the
authority to charge the
fee for filing and regis-
tering a chattel mortgage
and charge the fee for fil-
ing, registering and releas-
ing of a chattel mortgage
or other lien on personal
property at the time the
original chattel mortgage
is deposited with the Clerk's
office for proper filing,
registering and indexing.

Dear Mr. Eden:

You have requested the official opinion of this office
on the captioned matter.

The pertinent provisions of Article 3930, Vernon's Civ-
il Statutes, as amended by Acts of the 55th Legislature, 1957,
Chapter 228, page 477, are as follows:

"Clerks of the County Court may receive
not to exceed the following fees:

" . . .

"Filing and registering each chattel mort-
gage or other written lien on personal property
with or without transfer thereof in same instru-
ment                                          .75

" . . .

"Filing, registering and entering the satis-
faction and release of the following:

" . . .

-1348-

> ". . . chattel mortgage or instrument
> intended as a chattel mortgage or lien on
> personal property                .75"

Prior to 1945, Article 3930 provided, as it does now, separate fees for filing and releasing a chattel mortgage. Between 1945 and 1957, Article 3930, as amended by Chapter 368, Acts of the 49th Legislature, 1945, placed all of the services of "filing, registering and entering satisfaction and release of each chattel mortgage" in a single category and provided for a single fee to be paid for such services.

Under the 1945 amendment, the County Clerk was authorized to charge the full fee for all services, including release, at the date of original filing. Attorney General's Opinion 0-6765 A (1945).

It is a well settled rule in this State that statutes prescribing fees for public officials are to be strictly construed against the officer collecting them. Binford v. Robinson, 112 Tex. 84, 244 S.W. 807 (1922); McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W. 654 (1922).

By virtue of this rule, a power of the County Clerk to join together duties which the Legislature has declared separate may not rest on implication. A different result would allow him to receive a fee in addition to the maximum fee provided by statute, a fee for services he might not be called on to perform. If the Legislature had intended this, they could easily have enacted the statute as it was prior to 1957. Instead they divided the services and provided separate fees for each. Accordingly, we must answer your question negatively.

### SUMMARY

Under the provisions of Article 3930, Vernon's Civil Statutes, the County Clerk does not have the authority to charge the fee for releasing of a chattel mortgage or lien on personal property at the time such mortgage is filed.

Yours very truly,

WAGGONER CARR
Attorney General

By

Larry Craddock, Jr.
Assistant

LCjr:ms

-1349-

Hon. C. J. Eden, page 3 (C-282)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Bill Allen
Paul Phy
Malcolm L. Quick
Grady Chandler

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone