

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 27, 1970

Honorable Robert S. Calvert        Opinion No. M-619
Comptroller of Public Accounts
State of Texas                     Re: Payment of registration
Austin, Texas   78711                  fees assessed for a seminar
                                       under the facts submitted.

Dear Mr. Calvert:

Your request for an opinion on the above subject matter asks the following questions:

"1. Can a state agency, in the absence of express statutory authority, charge official fees for conducting seminars or conferences?

"2. In the absence of express statutory authority to charge official fees, can an agency conduct a seminar or conference called by the head of the state agency as official business of that agency and charge a fee of any nature to those attending, including employees and officers of that agency?

"3. In the absence of express statutory authority to charge official fees by an agency, can employees of that agency, acting for the head of that agency, collect fees from individuals, including employees and officers of that agency, attending a seminar or conference conducted as official business of that state agency?

"4. If any of the above questions are answered in the affirmative, are the fees collected State's monies and should they be deposited in the State Treasury?

"5. If a state employee or officer attends a seminar or conference and pays a fee, if you hold any fee to be a legal charge, be entitled to legally claim reimbursement for such fee from the State?"

-2960-

These questions have arisen by virtue of claims being filed by employees of the State Highway Department for reimbursement of registration fees paid by such employees in attending a seminar on "The Trial of Condemnation Cases" which such employees were directed by the Highway Department to attend.

In Attorney General's Opinion C-671 (1966), it was held that appraisers employed by the Veterans Land Board may attend an appraisal school at Texas A&M University and have their registration fees paid by the State. Likewise it was held in Attorney General's Opinion C-761 (1966):

> "Registration fees necessary to attend the Texas Society of Professional Engineers, for the purpose of discussing questions concerning the recent amendment to the Texas Engineering Practice Act, constitutes a necessary expense of the member of the Texas State Board of Registration for Professional Engineers, who was assigned by the Board to attend such meeting in the furtherance of the governmental duties imposed on the Board, may be paid."

Also, it was held in Attorney General's Opinion C-692 (1966) that registration fees necessary to attend courses of instruction deemed necessary to the furtherance of governmental duties imposed upon a State agency may be paid by such State agency. It is stated in C-692, supra:

> ". . . you are advised that the registration fees to attend the conference sponsored by the Urban Transportation Committee of the Greater Chamber of Commerce of Pittsburg, and the registration fee to attend the Uniform Commercial Code Institute may be paid."

In Attorney General's Opinion WW-245 (1957), this office said:

> "The Comptroller of Public Accounts is authorized to pay the traveling expenses of District Attorneys coming to Austin to attend the conference of District and County Attorneys for the purpose of study and discussion of mutual problems in the field of criminal prosecution."

Furthermore, we concluded in Attorney General's Opinion M-232 (1968), that tuition fees and registration fees for seminars charged by one State agency to another State agency may be incurred by entering into an interagency contract between the agencies involved. In that Opinion we stated:

"In Attorney General's Opinion M-120 (1967), it was held that the registration fee expenses of State employees who were assigned to attend the transportation conference at Texas A&M University constituted State business and that such registration fee may be paid when the agency head has made the determination that attendance at the conference is reasonably necessary in order to carry out the duties and functions of the employees.

"Since the attendance to the Texas Transportation Institute, a part of Texas A&M University, by various State employees constitutes official State business found to be necessary and essential for the performance of their duties, such attendance is properly the subject matter of an interagency agreement pursuant to the provisions of Article 4413(32), above quoted.

"You are therefore advised, in answer to your first question, that tuition fees and registration fees for institutes and seminars charged by one State agency to another State agency may be incurred by entering into an interagency contract between the agencies involved. In answer to your second question, you are advised that such registration fees may be paid either pursuant to an interagency contract or as a travel expense item incurred by an employee. Attorney General's Opinion M-120 (1967)."

In view of the foregoing opinions, it appears well settled that a registration fee expense of State employees who are assigned to attend seminars or conferences as a part of their duties constitutes reimburseable expenses incurred in the performance of official duties by the employees; and such registration fees are payable by the State, whether by an interagency contract or by reimbursing the State employee for

the official expense incurred.

The Fifth Annual Condemnation Seminar on "The Trial of Condemnation Cases" was a seminar which required payment of registration fees in order that the costs of conducting the seminar could be paid. Such seminar was for the official benefit of State employees engaged with condemnation work and therefore constituted an expense incurred as a result of State business and in the performance of the official duties of those State employees attending such seminar. You are, therefore, advised that the State employee is entitled to reimbursement for the registration fee expense incurred by such State employee.

Your questions, however, are directed at the authority to charge registration fees for seminars conducted in the name of a State agency. Therefore we will proceed to answer your questions categorically.

The statutes prescribing fees for public officers are strictly construed and the right of a public officer to charge a "fee" for his services may not rest in implication, but must be expressly conferred by law and unless a statute clearly fixes the amount of fee to which he is entitled, no official fee may be charged. McCalla v. City of Rockdale, 112 Tex. 209, 246 S.W. 654 (1922); Binford v. Robinson, 112 Tex. 84, 244 S.W. 807 (1922); McLennan County v. Boggess, 104 Tex. 311, 137 S.W. 346 (1911); Hallman v. Campbell, 57 Tex. 54 (1882); State v. Moore, 57 Tex. 307 (1882). Therefore, in answer to your first question as worded, a State agency in the absence of statutory authority may not charge official "fees of office" for conducting seminars or conferences. However, in the instant case, no official fees of office were charged. On the contrary, registration charges were made and collected for the purpose of defraying the costs of the seminar, and the same does not constitute an official fee of office.

In answer to your second and third questions, you are advised that a State agency may conduct or sponsor a seminar or conference deemed necessary when the seminar bears a reasonable, substantial and direct relationship to the duties and functions of the office, and registration charges may be made for attendance at such seminar or conference in order to defray the expenses of conducting the seminar. Attorney General's Opinions C-671 (1966), C-761 (1966), C-692 (1966), WW-245 (1957), M-232 (1968).

Hon. Robert S. Calvert, page 5

In answer to your fourth question, registration charges collected for such seminars do not constitute State monies and are therefore not to be deposited in the State Treasury.

In answer to your fifth question, if a State employee or officer attends a seminar and pays the registration charge, such employee or officer is legally entitled to reimbursement for such expense, since the attendance of such seminar was in the performance of his official duties and such expense was incurred as a result of State business. Attorney General's Opinions C-671 (1966), C-761 (1966), C-692 (1966), WW-245 (1957), M-232 (1968).

### S U M M A R Y

State agencies are authorized to sponsor or conduct seminars or conferences on matters bearing a reasonable, substantial and direct relationship to the duties and functions of such agency, as well as other State agencies and may make registration charges necessary to defray the expenses of the seminars or conferences. Where a registration charge is made, State employees or officers are entitled to reimbursement of such registration expense, since such registration expense was incurred as a result of State business. Such charges are not public monies and are not to be deposited in the State Treasury.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

Hon. Robert S. Calvert, page 6


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Watson Arnold
J. C. Davis
Bob Flowers
Pat Cain

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant