

# The Attorney General of Texas

September 22, 1982

*overruled by JM-19*

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George W. McNiel
Texas State Auditor
John H. Reagan State Office Bldg.
P. O. Box 12067
Austin, Texas    78711

Opinion No. MW–517

Re:    Whether commissioner of
education accrues vacation time

Dear Mr. McNiel:

You ask whether the commissioner of education is entitled to accrue vacation time and, if so, to receive payment for any such entitlement upon termination of employment. We answer both questions in the negative.

Article 6252–8b, V.T.C.S., provides in pertinent part:

> Section 1.    A state employee who resigns, is dismissed, or separated from state employment shall be entitled to be paid in a lump sum for all vacation time duly accrued at the time of separation from state employment; provided the employee has had continuous employment with the state for six months. (Emphasis added).

It is argued, first, that article 6252–8b, coupled with article 6252–8a, V.T.C.S., creates in officers as well as in employees a vested right to accrual of vacation time and entitlement to lump sum payment upon termination of employment. Alternatively, it is argued that the commissioner of education is an employee, as opposed to an officer, and that as such he is entitled to a lump sum payment for all vacation time accrued at the time of separation from state employment. We disagree with both arguments.

It is first argued that article 6252–8b, V.T.C.S., construed in pari materia with article 6252–8a, V.T.C.S., creates in officers, as well as in employees, a vested right to accrual of vacation time and entitlement to lump sum payment upon termination of employment. Article 6252–8a, V.T.C.S., provides for the payment of accumulated vacation time and one-half of accumulated sick leave to the estate of an employee upon that employee's death. That statute defines "employee" to include "any appointed officer or employee." This argument rests upon two assumptions: (1) that article 6252–8b itself creates a right to accrual of vacation time and, (2) that the term

p. 1871

"employees" in article 6252-8b should be read to embrace those persons who are embraced within the term "employees" in article 6252-8a. If article 6252-8b does not create a right to accrual of vacation time, it is unnecessary to decide whether the term "employees" in article 6252-8b embraces state officers. We reject the first assumption and thus decline to address the second.

At issue are three separate and distinct rights. One right derives from article 6252-8b, V.T.C.S., which creates in state employees who resign, are dismissed, or are separated from state employment the right to be paid in a lump sum for all vacation time duly accrued at the time of separation from state employment. Another derives from article 6252-8a, V.T.C.S., which provides that the state will pay to the estate of an employee, upon his death, for all of the employee's accumulated vacation time and for one-half of the employee's accumulated sick leave. The third right is entitlement to vacation time or sick leave. The employee must accrue vacation time or sick leave before he or his estate is entitled to a lump sum payment upon separation from employment or death. Neither article 6252-8a nor article 6252-8b entitles an employee to accrue vacation time or sick leave. These statutes instead provide for lump sum payment to certain employees who have already accrued vacation time or sick leave pursuant to other legal authority.

Article 6252-8b merely provides that, once an employee has accrued vacation time pursuant to some other statutory or appropriations act provision and that employee separates from state employment, the employee is entitled to a lump sum payment for such accrual. Ordinarily, words are presumed to be used in the sense in which they are commonly understood. V.T.C.S. art. 5429b-2, §2.01; Satterfield v. Satterfield, 448 S.W.2d 456 (Tex. 1969). The word "accrue" has been construed by this office to mean "to come into existence as an enforceable claim; vest as a right." Attorney General Opinion M-1075 (1972). An employee is entitled under article 6252-8b to lump sum payment for "all vacation time duly accrued." (Emphasis added). This entitlement is created only after vacation time has accrued, only after it has vested as a right; the statute itself does not create an entitlement to vacation time.

Since we conclude that article 6252-8b does not create a right to accrual of vacation time, we need not determine the scope of the term "employee" used in that statute. We next must determine the source of the right to accrual of vacation time.

There is no general law which provides accrual of vacation time for state employees. Cf. V.T.C.S. art. 6252-8 (gives to hourly employees who are continuously employed by the state for six months or more whatever vacation rights may be granted to monthly employees); V.T.C.S. art. 6252-8a. Whatever vacation rights do exist for a person employed by the state are part of his compensation and are found in

article V, section 7 of the various appropriations acts. See Attorney General Opinions H-126 (1973); M-1280, M-1279 (1972). See also V.T.C.S. art. 6813b (all salaries of all state officers and state employees to be provided for by legislature in biennial appropriations act); Attorney General Opinion M-1252 (1972) (entitlement to vacation time is a form of compensation or salary). One of the commissioners about whom you are concerned served as commissioner from July 1, 1974, until August 31, 1979; the other served from September 1, 1979, until June 30, 1981. Under the relevant provisions of each of the appropriations acts then in effect, "[e]mployees of the State" were entitled to accrual of vacation time. Acts 1979, 66th Leg., ch. 843, art. V, §7, at 2900; Acts 1977, 65th Leg., ch. 872, art. V, §7, at 3145; Acts 1975, 64th Leg., ch. 743, art. V, §7, at 2849; Acts 1973, 63rd Leg., ch. 659, art. V, §7, at 2199.

No appropriations act has specifically conferred upon officers the right to accrual of vacation time or sick leave. It has been suggested that the proper construction of the phrase of the appropriations acts, "[e]mployees of the State," should include officers as well as employees, that for purposes of the appropriations acts the term "employees" should be read to include officers as well as employees. We reject this argument. Statutes prescribing remuneration for public officers are strictly construed. McCalla v. City of Rockdale, 246 S.W. 654 (Tex. 1922); Binford v. Robinson, 244 S.W. 807 (Tex. 1922). It is a rule of construction that, when a statute is capable of two constructions, one which would give an officer compensation for his services in addition to his salary and the other which would not, the latter construction is the proper one. Madden v. Hardy, 50 S.W. 926 (Tex. 1899); Allen v. Davis, 333 S.W.2d 441 (Tex. Civ. App. - Amarillo 1960, no writ). Attorney General Opinion H-715 (1975), relying on two earlier opinions, concluded that a state officer does not accrue annual leave. See Attorney General Opinions M-1280, M-1279 (1972). The opinions construed the phrase "employees of the State" to apply to employees but not to officers. Because we have repeatedly recognized the distinction between officers and employees, see, e.g., Attorney General Opinion MW-177 (1980), we are unwilling to ignore that distinction in this context without specific guidance from the legislature. In addition, the legislature has met five times since the issuance of the first of these opinions without changing the result.

Finally, it is argued that the commissioner of education is a state employee, presumably for all purposes, rather than an officer, and, as such, is entitled to accrual of vacation time and to a lump sum payment pursuant to article 6252-8b, V.T.C.S.

We conclude that the commissioner of education is an officer, rather than an employee. In Aldine Independent School District v. Standley, 280 S.W.2d 578, 583 (Tex. 1955), the Texas Supreme Court declared that "the determining factor which distinguishes a public

officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others."  See Green v. Stewart, 516 S.W.2d 133 (Tex. 1974); Harris County v. Schoenbacher, 594 S.W.2d 106 (Tex. Civ. App. - Houston [1st Dist.] 1979, writ ref'd n.r.e.); Attorney General Opinion MW-177 (1980).  Several of the duties and responsibilities of the commissioner which are set out in section 11.25 of the Education Code clearly indicate that he acts with respect to certain matters at the direction and on behalf of the State Board of Education.  However, section 11.52 of the Education Code posits a list of duties and responsibilities placed upon the commissioner for which he alone is responsible and which he exercises "largely independent of the control of others."  Aldine Independent School District v. Standley, supra. For example, the commissioner is empowered to prescribe a uniform system of forms and reports necessary to secure needed information from local school officials, to require local officials to submit reports and information that he deems necessary, to issue teaching certificates to public school teachers and administrators, to issue instructions and opinions regarding rules and regulations "which shall be binding for observance on all officers and teachers."  Educ. Code §11.52(d), (e), (g), (1).  See also Nixon-Clay Commercial College v. Woods, 176 S.W.2d 1015 (Tex. Civ. App. - Galveston 1944, writ ref'd w.o.m.); Gragg v. Hill, 58 S.W.2d 150 (Tex. Civ. App. - Waco 1933, writ ref'd) (both cases establishing the public duties to be exercised independently of the state board and reposed in the commissioner by the predecessor to section 11.52, article 2656, V.T.C.S.).  We conclude that, since he exercises a portion of the sovereign function of government largely independent of the control of others, the commissioner of education is an officer.  Because the commissioner is an officer, he is not entitled by the appropriations acts to accrual of vacation time.  Because he is not entitled to accrual of vacation time, he is not entitled to a lump sum payment pursuant to article 6252-8b, V.T.C.S.

## S U M M A R Y

The commissioner of education is an officer who is not entitled under the appropriations acts to accrual of vacation time and to lump sum payment therefor upon separation from state employment.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Ed Davis
Rick Gilpin
Jim Moellinger